| | |
|---|---|
| RASHARD MENDENHALL,<br><br>Plaintiff,<br><br>       v.<br><br>HANESBRANDS INC.<br><br>Defendant | JURY TRIAL DEMANDED<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Hanesbrands Inc. ("Hanesbrands" or "Defendant"), by and through its attorneys, Proskauer Rose LLP and Womble Carlyle Sandridge & Rice, PLLC, hereby answers the Complaint of Rashard Mendenhall ("Plaintiff" or "Mendenhall") as follows:

### INTRODUCTION AND NATURE OF THE CASE

1.     Hanesbrands admits the allegations in the first sentence of paragraph 1 of the Complaint. Hanesbrands states that the second sentence of paragraph 1 is a statement of opinion (as opposed to a factual allegation) such that no response is required; to the extent it purports to contain statements of fact, Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them. Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore denies them.

2. Hanesbrands admits that in May 2008 the parties entered into the Talent Agreement (the "Talent Agreement"), and refers the Court to the Talent Agreement (Complaint, Ex. A) for its contents. Hanesbrands further admits that in 2010 the parties entered into the Amendment and Extension of Hanesbrands Inc. Talent Agreement (the "Extension Agreement"), which modified the terms of the Talent Agreement, including, *inter alia*, extending the Term of Plaintiff's services through April 30, 2015, and replacing Paragraph 17(a) of the Talent Agreement with Section 3 of the Extension Agreement, and otherwise refers the Court to the Extension Agreement (Complaint, Ex. B) for its contents. Hanesbrands denies the remaining allegations of paragraph 2.

3. Hanesbrands denies the allegations in paragraph 3 of the Complaint, except Hanesbrands admits that on or about May 5, 2011, it notified Plaintiff by letter of Hanesbrands' intent to exercise its contractual right to terminate Plaintiff based on his violation of Paragraph 17(a) of the Talent Agreement as amended by Section 3 of the Extension Agreement, and refers the Court to the letter (Complaint, Ex. C) for its contents.

4. Hanesbrands admits that Plaintiff has filed a Complaint which purports to allege a claim for breach of the Talent Agreement, and seeks damages in excess of $1 million dollars, and otherwise denies Plaintiff's characterization of the aforementioned Complaint. Hanesbrands states that the remaining allegations contained in paragraph 4 of the Complaint are matters of opinion and/or conclusions of law (as opposed to allegations

of fact) such that no response is required of Hanesbrands.  To the extent that paragraph 4 purports to contain allegations of fact, Hanesbrands denies them.

**PARTIES**

5. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

6. Hanesbrands admits the allegations of paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Hanesbrands admits that, in commencing this action, Plaintiff has made allegations that invoke the jurisdiction of this court, but, at this time, is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and therefore denies them.

8. Hanesbrands admits that Section 23 of the Talent Agreement pertains to the parties' choice of Governing Law and Venue, refers the Court to Section 23 for its contents (Complaint, Ex. A at 10), and otherwise denies the allegations in paragraph 8 of the Complaint.

9. Hanesbrands admits that Section 23 of the Talent Agreement pertains to the parties' choice of Governing Law and Venue, refers the Court to Section 23 for its contents (*Id.*), and otherwise denies the allegations in paragraph 9 of the Complaint.

## BACKGROUND FACTS

### The Talent Agreement

10. Hanesbrands admits that on or about May 22, 2008 the parties entered into the Talent Agreement, refers the Court to the Talent Agreement (Complaint, Ex. A) for its contents, and otherwise denies the allegations contained in paragraph 10 of the Complaint.

11. Regarding paragraph 11 of the Complaint, Hanesbrands refers the Court to Paragraph 4 of the Talent Agreement for its contents (Complaint, Ex. A at 1-2), and otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. Regarding paragraph 12 of the Complaint, Hanesbrands refers the Court to Paragraph 17 of the Talent Agreement (Complaint, Ex. A at 7) for its contents, and otherwise denies the allegations contained in paragraph 12 of the Complaint.

13. Hanesbrands admits that it paid Plaintiff the amounts due to him under the Talent Agreement. Hanesbrands is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

### The 2010 Extension of the Talent Agreement

14. Hanesbrands admits that the parties executed the Extension Agreement on or about August 31, 2010, refers the Court to the aforementioned Agreement for its contents (Complaint, Ex. B), and otherwise denies the allegations contained in paragraph 14 of the Complaint.

15. Hanesbrands admits that Section 1 of the Extension Agreement contains provisions concerning the Nature of Services required of Plaintiff during the Term of the agreement, including a provision entitled "Social Media," and refers the Court to these provisions of the Agreement for their contents (Complaint, Ex. B at 1-2). Hanesbrands denies Plaintiff's characterization of the "Social Media" provision (Section 1(d)) of the Extension Agreement, and otherwise denies any remaining allegations contained in paragraph 15 of the Complaint.

16. Hanesbrands admits that Section 2 of the Extension Agreement contains provisions concerning the Compensation of Plaintiff during the term of the agreement, refers the Court to these provisions for their contents (Complaint, Ex. B at 2-4), and otherwise denies any remaining allegations contained in paragraph 16 of the Complaint.

17. Hanesbrands admits that the Extension Agreement modifies the Talent Agreement to replace Paragraph 17(a) of the Talent Agreement with Section 3 of the Extension Agreement, refers the Court to Section 3 for its contents (Complaint, Ex. B at 4), and otherwise denies any remaining allegations contained in paragraph 17 of the Complaint.

### Mr. Mendenhall's Use of Twitter

18. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18, and therefore denies them. Hanesbrands admits the remaining allegations in paragraph 18.

19. Hanesbrands admits that Plaintiff's public Twitter profile describes him as a "Conversationalist and Professional Athlete." (Attached hereto as Ex. 1) Hanesbrands is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20, and therefore denies them. With regard to the second sentence of paragraph 20, Hanesbrands refers the Court to the referenced article for its contents, and denies any remaining allegations contained in paragraph 20.

21. Hanesbrands states that the comments concerning @Adrian Peterson listed in paragraph 21 appeared in Plaintiff's Twitter feed on or about March 15, 2011, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22. Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. Hanesbrands states that the comments listed in paragraph 23 appeared in Plaintiff's Twitter feed on or about March 16, 2011, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24. Hanesbrands states that the comments listed in paragraph 24 appeared in Plaintiff's Twitter feed on or about March 27, 2011, and otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25. Hanesbrands denies the allegations in paragraph 25 to the extent they imply: 1) that Hanesbrands agreed or approved of the aforementioned comments; 2) Hanesbrands was obligated under the contract to "take action" or provide plaintiff with any notice concerning the aforementioned comments; and/or 3) that Hanesbrands right to terminate the Talent Agreement after Plaintiff's May 2, 2011 comments concerning the death of Osama bin Laden and the terrorist attacks of September 11, 2001 was in any way dependent on Hanesbrands taking action or failing to take action with regard to the aforementioned comments.

26. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27. Hanesbrands denies the allegations in paragraph 27, to the extent they imply: 1) that Hanesbrands agreed or approved of the aforementioned comments; 2) Hanesbrands was obligated under the contract to "take action" or provide plaintiff with any notice concerning the aforementioned comments; and/or 3) that Hanesbrands right to terminate the Talent Agreement after Plaintiff's May 2, 2011 comments concerning the death of Osama bin Laden and the terrorist attacks of September 11, 2001 was in any way dependent on Hanesbrands taking action or failing to take action with regard to the aforementioned comments.

28. Hanesbrands states that the comments listed in paragraph 28 appeared in Plaintiff's Twitter feed on or about April 21, 2011, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29. Hanesbrands denies the allegations in paragraph 29 to the extent they imply: 1) that Hanesbrands agreed or approved of the aforementioned comments; 2) Hanesbrands was obligated under the contract to "take action" or provide plaintiff with any notice concerning the aforementioned comments; and/or 3) that Hanesbrands right to terminate the Talent Agreement after Plaintiff's May 2, 2011 comments concerning the death of Osama bin Laden and the terrorist attacks of September 11, 2001 was in any way dependent on Hanesbrands taking action or failing to take action with regard to the aforementioned comments.

30. Hanesbrands states that the comments listed in paragraph 30 appeared in Plaintiff's Twitter feed on or about May 1, 2011, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31. Hanesbrands denies the allegations in paragraph 31, to the extent they imply: 1) that Hanesbrands agreed or approved of the aforementioned comments; 2) Hanesbrands was obligated under the contract to "take action" or provide plaintiff with any notice concerning the aforementioned comments; and/or 3) that Hanesbrands right to terminate the Talent Agreement after Plaintiff's May 2, 2011 comments concerning the

death of Osama bin Laden and the terrorist attacks of September 11, 2001 was in any way dependent on Hanesbrands taking action or failing to take action with regard to the aforementioned comments.

32. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies them.

### Mendenhall's Tweets on May 2 and 4, 2010 [*sic*]

33. Hanesbrands admits that on Sunday, May 1, 2011, President Obama informed the nation that Osama bin Laden had been killed in Pakistan by U.S. military forces. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint, and therefore denies them.

34. Hanesbrands states that the allegations contained in paragraph 34 of the Complaint are matters of opinion (as opposed to allegations of fact) such that no response is required of Hanesbrands. To the extent that the remaining sentence of paragraph 34 purports to contain allegations of fact, Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies them.

35. Hanesbrands admits that paragraph 35 of the complaint contains a list of some, but not all of the May 2, 2011 comments that Plaintiff posted to his Twitter feed concerning the death of Osama bin Laden and/or the events of September 11, 2001, refers

the Court to the comments for their contents, and otherwise denies the allegations contained in paragraph 35 of the Complaint. *See* Exhibits 2, 3 and 4, attached hereto.

36. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36 of the Complaint. Hanesbrands admits that on or about May 4, 2011, Plaintiff created a blog post which addressed his May 2nd statements and made additional statements concerning the death of Osama bin Laden and the events of September 11, 2001 (attached hereto as Ex. 5), and otherwise denies the remaining allegations of paragraph 36 of the Complaint.

37. Hanesbrands is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them.

### Hanesbrand's Decision to Terminate Talent Agreement

38. Hanesbrands admits that on or about May 5, 2011, Hanesbrands' Associate General Counsel L. Lynnette Fuller-Andrews, sent a letter to Rob Lefko at Priority Sports and Entertainment, refers the Court to the aforementioned letter for its contents (Complaint, Ex. C), and otherwise denies the allegations of paragraph 38 of the Complaint.

39. Hanesbrands admits that Champion issued a public statement to ESPN concerning its decision to end its business relationship with Plaintiff, and that Exhibit D to the Complaint appears to be an article accurately reprinting such statement, refers the

Court to the referenced statement for its contents, and otherwise denies the allegations of paragraph 39 of the Complaint.

40. Hanesbrands admits the allegations in the first sentence of paragraph 40 of the Complaint. In response to the second sentence of paragraph 40 of the Complaint, Hanesbrands refers the Court to the referenced letter for its contents (Complaint, Ex. E), and otherwise denies the allegations of contained therein.

41. Hanesbrands admits that on or about May 11, 2011, Hanesbrands' Associate General Counsel L. Lynnette Fuller-Andrews, sent a letter to Rick Smith, General Counsel of Priority Sports and Entertainment, refers the Court to the aforementioned letter for its contents (Complaint, Ex. F), and otherwise denies the allegations of paragraph 41 of the Complaint.

42. Hanesbrands admits that on or about May 18, 2011, Mr. Smith sent a letter to Ms. Fuller-Andrews, refers the Court to the aforementioned letter for its contents (Complaint, Ex. G), and states that on May 20, 2011 Ms. Fuller-Andrews replied to Mr. Smith's May 18th letter (attached hereto as Exhibit 6), reiterating Hanesbrands' position that the Talent Agreement had been terminated and that no further amounts were due to Plaintiff under the Talent Agreement. Hanesbrands otherwise denies the allegations of paragraph 42 of the Complaint.

43. Hanesbrands denies the allegations contained in paragraph 43 of the Complaint.

44. Hanesbrands denies the allegations contained in paragraph 44 of the Complaint.

## COUNT I

**(Breach of the Talent Agreement and Extension)**

45. In response to paragraph 45 of the Complaint, Hanesbrands incorporates by reference and re-alleges its responses to the allegations contained in paragraphs 1 through 44 of the Complaint.

46. Hanesbrands admits the allegations contained in paragraph 46 of the Complaint.

47. Hanesbrands lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and therefore denies them.

48. Hanesbrands denies the allegations contained in paragraph 48 of the Complaint.

49. Hanesbrands denies the allegations contained in paragraph 49 of the Complaint.

WHEREFORE, Hanesbrands respectfully requests that this Court order the dismissal Plaintiff's Complaint, with prejudice, along with such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Hanesbrands asserts the following affirmative defenses, without conceding that it has the burden of proof or persuasion as to any of them.

### First Affirmative Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim is barred in whole or in part because Hanesbrands has fully performed all contractual and statutory obligations on its part to be performed except as prevented or excused by the conduct of Plaintiff, and Plaintiff is therefore estopped from asserting any cause of action herein.

### Third Affirmative Defense

Any damages incurred by Plaintiff are the result of his own failure to perform his contractual obligations, and Plaintiff is therefore estopped from asserting any cause of action herein.

### Fourth Affirmative Defense

Plaintiff is barred from recovering any damages, injuries, and/or losses from Defendant because of Plaintiff's prior material breach of the Talent Agreement.

### Fifth Affirmative Defense

Plaintiff's claim is barred in whole or in part because Plaintiff failed to fulfill conditions precedent and/or subsequent to the Talent Agreement by, among other things, failing to perform his obligations in a competent and satisfactory manner.

### Sixth Affirmative Defense

Plaintiff's claim is barred in whole or in part because under the plain language of Paragraph 17(a) of the Talent Agreement, as amended by Section 3 of the Amendment and Extension of Hanesbrands Inc. Talent Agreement (Complaint, Ex. B at 4), Hanesbrands had "the right to immediately terminate [the] Agreement" if Plaintiff became involved "in any situation or occurrence…tending to bring Mendenhall into public disrepute, contempt, scandal or ridicule, or tending to shock, insult or offend the majority of the consuming public or any protected class or group thereof…." (*Id.*) Furthermore, the Complaint admits that under Paragraph 17(a) "HBI's decision on all matters arising under this Section 17(a) shall be conclusive." (*Id.*) The broad termination right granted to Hanesbrands in Paragraph 17(a), as amended by Section 3 of the Extension Agreement, was specifically bargained for by Hanesbrands, and agreed to by Plaintiff, and Hanesbrands was well within its contractual rights to exercise such termination right in light of the well-publicized negative public reaction to Plaintiff's statements (*see, e.g.,* Exs. 7, 8, 9 and 10 attached hereto) concerning the death of Osama bin Laden and the terrorist attacks of September 11, 2001.

### Seventh Affirmative Defense

Plaintiff's claim is barred in whole or in part because Plaintiff breached the covenant of good faith and fair dealing.

## Eighth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel, waiver and/or unclean hands.

Dated: August 30, 2011

    /s/ John F. Morrow, Jr.

John F. Morrow, Jr. (N.C. State Bar No. 23382)
Brent F. Powell (N.C. State Bar No. 41938)
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC  27101
United States of America
Telephone: (336) 721-3584
Facsimile: (336) 733-8429
jmorrow@wcsr.com
brpowell@wcsr.com

Brendan J. O'Rourke
Victoria L. Loughery
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036-8299
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
borourke@proskauer.com
vloughery@proskauer.com

*Attorneys for Defendant Hanesbrands Inc.*

# CERTIFICATE OF SERVICE

This to certify that on this the 30th day of August, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

DAVID WILLIAM SAR:  dsar@brookspierce.com

ERIC M. DAVID:  edavid@brookspierce.com

RICHARD H. TILGHMAN:  rhtilghman@uhlaw.com

STEVEN J. THOMPSON:  sjthompson@uhlaw.com

                                                 /s/ John F. Morrow, Jr.
                                                 John F. Morrow, Jr. (N.C. State Bar No. 23382)