UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 11-cv-570

RASHARD MENDENHALL,

Plaintiff,

v.

HANESBRANDS INC.

Defendant

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1.      **Scope.**  This Confidentiality Order ("Order") shall govern all documents, testimony, and other discovery materials produced by any person in response to any method of discovery conducted by or on behalf of Plaintiff Rashard Mendenhall ("Plaintiff") and Defendant, Hanesbrands Inc. ("Defendant"), in the above-captioned matter.

2.      **Definitions Generally.**  For the purposes of this Order, the following definitions shall apply:

(a)      As used herein, the term "Lawsuit" and "Action" refers to the above-captioned action filed by Plaintiff against Defendant, in the United States District Court for the Middle District of

North Carolina, *Rashard Mendenhall v. Hanesbrands Inc.,* (Case No. 11-CV-570), and any appeal in such Action.

(b)     The term "concerning" means relating to, referring to, describing, evidencing, constituting, or in any way pertaining to the document(s) or information described herein.

(c)     The terms "relate to", "related to," or "relating to" mean analyzing, containing, concerning, dealing with, constituting, defining, discussing, describing, embodying, evidencing, explaining, reflecting, referring to, setting forth, showing, or in any way pertaining to the document(s) or information described herein.

3.     **Designation of Confidential Information.**  Whenever in the exercise of careful judgment and in good faith any party to this Lawsuit determines that any part of any response to a request for discovery should be treated as confidential, that party (the "Designating Party" or the "Producing Party") shall have the right to designate the information as "Confidential."  Documents claimed by the Designating Party to contain Confidential Information shall, prior to production, be marked as "Confidential."  Placement of the "Confidential" designation on each protected page when it is produced shall constitute notice to the party receiving the production (the "Receiving Party"), and all other persons, that the document contains Confidential Information (as defined herein).

2

**4. Confidential Information Defined.** For the purposes of this Order, "Confidential Information" is defined as any documents or information that contain proprietary, personal, financial, research, business or commercial information that should be treated as confidential, the full or unrestricted disclosure of which is likely to cause annoyance, embarrassment, oppression, commercial injury, or undue burden or expense, or any other information required by law or agreement to be kept confidential, including, but not limited to:

    (a)    documents, information or communications concerning Defendant's business, marketing or promotional strategies, including without limitation, customer care or complaint information, research & development information, and/or other information concerning or related to the positioning or perception of Defendant's brands (including but not limited to the CHAMPION® brand);

    (b)    personnel files or any documents containing personnel or other employment-related information of any former or current employees or independent contractors of Defendant, who are not a party in the Lawsuit;

    (c)    documents or information containing proprietary matters of Defendant such as, without limitation, operations manuals, training manuals, and/or other business policies or policies;

(d)     documents or information related to Defendant's compensation structure, payment policies or procedures, such as, without limitation, documents or information concerning compensation or other payments made to endorsers or spokespersons; and

(e)     documents that contain personal identity information or proprietary information, including without limitation, bank or credit account numbers, social security numbers, cell phone numbers and home addresses.

The parties reserve the right to designate additional categories of Confidential information.

5.     **Exclusions**.  A document or information shall not be considered "Confidential Information" within the meaning of this Order if:

(a)     the document or information is in the public domain or constitutes a public record (including but not limited to vital records, property records, court records, divorce records, or criminal records); provided, however, that a document or information will not come under this exclusion and may be considered "Confidential Information" under this Order, if the document or information was made a "public record," and/or was placed or disseminated into the public domain, by:

4

i.      the Receiving Party or an agent of the Receiving Party, without the permission of Designating Party, and the Designating Party would deem the document or information "Confidential Information" under this Order; or by

ii.     any person to whom the document or information did not rightfully belong, or who otherwise stole, misappropriated or wrongfully came into possession of the document or information, including but not limited to in violation of law (statutory, regulatory or decisional); contract; agreement; common law duty or ethics or integrity standards; employment policy, rule, or practice.

or

(b)     the document or information becomes known to a party through rightful, good-faith disclosure to such party by a third-party source ("Third Party Source") who has rightful ownership or possession of the document or information at the time of disclosure; provided, however, that if the document or information provided to the party by the Third Party Source was obtained by the Third Party Source from the public domain or public record, and the limiting clauses of Paragraphs 5(a)(i) or (ii) apply with respect to how the document or information became a public record, or was placed or disseminated into the public domain, then such document or information will not come under the exclusion in this Paragraph 5(b) and may be considered "Confidential

Information" under this Order; and provided further, however, that a document or information will not come under the exclusion in this Paragraph 5(b) and may be considered "Confidential Information" under this Order if:

    i.    the Third Party Source stole, misappropriated or otherwise wrongfully came into possession of the document or information before, or at the time of, disclosure to the party, including but not limited to in violation of law (statutory, regulatory or decisional); contract; agreement; common law duty or ethics or integrity standards; employment policy, rule, or practice; or

    ii.    if disclosure to the party by the Third Party Source would be wrongful, including but not limited to being in violation of law (statutory, regulatory or decisional); contract; agreement; common law duty or ethics or integrity standards; employment policy, rule, or practice.

6.    **Copies of Confidential Information**.  Copies, extracts, summaries, notes, and other derivatives of Confidential Information shall also be deemed Confidential Information and shall be subject to this Order.

7.    **Electronic Data.**  Electronically stored confidential data, information or documents, and electronically stored versions of documents or information otherwise deemed confidential, shall also be deemed Confidential Information and shall be subject to this Order.

8.    **Depositions.**  Depositions, or portions of depositions, may be designated as Confidential Information either by the deponent or by any attorney attending or

6

participating in the deposition. A person claiming that a deposition or any portion of a deposition contains Confidential Information shall give notice of that claim to the parties to the action either during the deposition or within 30 days of the receipt of the transcript. Following such notice, the testimony and transcript of the deposition or portion thereof shall be designated as Confidential Information.

9. **Restrictions on Use of Confidential Information.** Confidential Information may be used or referred to <u>only in this Lawsuit</u> (as defined above) and <u>not</u> in any other lawsuit, litigation, other action, or arbitration, mediation or other proceeding(s) not part of this lawsuit. It may not be used or in any way communicated to anyone, including, but not limited to, other attorneys or other litigants, and the persons described below, for any purpose other than to prosecute or defend against, within the court system, the claims asserted in this Lawsuit. The following persons may receive, on a confidential basis, Confidential Information only as follows:

(a) officers, directors and employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this Lawsuit, including settlement discussions; in addition, with regard to Receiving Party Rashard Mendenhall ("Plaintiff"), Plaintiff's agents Rick Smith and Mike McCartney, who are required in good faith to provide assistance in the conduct of this Lawsuit, including settlement discussions, provided that Mr. Smith and Mr. McCartney

execute the undertaking attached as Exhibit A prior to receiving confidential information;

(b)    counsel of record for a party in this Action, and secretaries, paralegals, law clerks, and other staff employed by the offices of such counsel to whom it is appropriate that the Confidential Information be disclosed for purposes of this Action;

(c)    litigation support vendors retained by a Party or its Counsel to provide support services (e.g., photocopying, videotaping, translating, data hosting, retrieval or processing, preparing exhibits or other demonstratives, couriers, deposition court reporters and videographers, process servers), provided such vendor and any employee thereof to whom Confidential Information will be disclosed, provided that Confidential Information shall only be shown to any such person to the extent appropriate for that person to perform his or her work in connection with the Action, and provided further that the proposed consultant, adviser, or expert: (1) is given a copy of this Order; and (2) signs and serves on all parties an undertaking in the form of Exhibit A hereto;

8

(d)     the Court, appropriate appellate Courts, and their personnel, including but not limited to court reporters during the trial of the above-captioned Action;

(e)     any person who is retained by a party as an independent consultant, adviser or expert in connection with this Action (specifically excluding present and former employees of a party), provided that Confidential Information shall only be shown to any such person to the extent appropriate for that person to perform his or her work in connection with the Action, and provided further that the proposed consultant, adviser, or expert: (1) is given a copy of this Order; and (2) signs and serves on all parties an undertaking in the form of Exhibit A hereto;

(f)     non-party deponents, provided that such non-party deponents and their attorneys have reviewed a copy of this Order, and signed an undertaking in the form of Exhibit A hereto; except that if the non-party deponent would otherwise have access to the information by virtue of his or her employment with the Receiving Party, the restrictions in this Paragraph (f) do not apply;

9

(g)     insurers of any party to whom it is necessary that Confidential

Information be shown for purposes of this Action, or

assessing insurance coverage at issue in this Action;

(h)     any mediator before whom the parties mediate the claims

asserted in the above-captioned Action; and

(i)     any other person that the Designating Party may authorize in

writing may receive such information.

**10.**     **Requirement to Furnish Exhibit A Upon Request.**   Executed

undertakings in the form of Exhibit A shall be furnished to counsel for the parties to this

action upon request.

**11.**     **Exclusion of Unauthorized Persons from Depositions.**   If Confidential

Information is to be discussed or disclosed during a deposition, the Designating Party or

any party to this Action shall have the right to exclude from attendance at the deposition,

during the time the Confidential Information is to be discussed or disclosed, any person

not authorized by this Order to receive the Confidential Information.

**12.**     **Use of Party's Own Confidential Information.**   Nothing in this Order

shall prevent the Designating Party from using or disclosing its own Confidential

Information in any way it deems appropriate.

**13.**     **Filing of Confidential Materials.**   All transcripts of depositions, exhibits,

answers to interrogatories, pleadings, briefs, and other documents submitted to the Court

that have been designated as Confidential, or that contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings, and consistent with the Addendum attached hereto as Exhibit B.

14.    **Inadvertent Error.**  Inadvertent failure to designate documents, information, or testimony as Confidential Information shall not constitute a waiver to so designate such documents, information, or testimony at a later time or as a wavier as to other documents, information, or testimony, provided that such designation is made promptly upon the discovery of the need to make such designation.

15.    **Disputes Over Designation as Confidential Information.**  A party or other person objecting to the designation of any material as Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection.  Within 14 days after such objection, the parties and any other objecting person shall confer in good faith in an effort to resolve the objections.  If such conference does not resolve the objection, the person objecting to the designation may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall not be treated as confidential.   Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order.

16.    **Disputes Over Access to Confidential Information.**  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the

party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the Confidential Information.

17. **Copies of Confidential Information.** No copies of Confidential Information shall be made except on behalf of counsel in this case. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those entitled to access to the Confidential Information under Paragraph 9 above.

18. **Subpoenas.** If Confidential Information is subpoenaed by any person other than those to whom such Confidential Information may be disclosed pursuant to Paragraph 9 above, the person to whom the subpoena is directed shall give prompt written notice thereof (including a copy of the subpoena) to the Designating Party. No Confidential Information shall be disclosed during the pendency of a motion to quash the subpoena, a motion for a protective order, or a motion otherwise seeking to enforce this Order or prevent disclosure of the Confidential Information.

19. **Non-Waiver of Rights and Objections.** Nothing in this Order shall constitute a waiver of any objection to the discoverability or admissibility of any Confidential Information or preclude the parties from seeking any additional available protection with respect to any Confidential Information.

20. **Non-Waiver of Privilege.** If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other privilege or immunity,

such production shall not be deemed a waiver of any privilege as to (a) that document or information or (b) any other document or information on the same or a related subject matter. The Designating Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the receiving party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the Designating Party.

      **21.**     **Challenges to Privilege or Confidentiality.** Nothing stated herein shall preclude a party from challenging an assertion by the other party of privilege or confidentiality.

      **22.**     **No Prejudice.** Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any Party that any particular document or material designated as Confidential contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in writing to alter or

waive the provisions or protections provided for in this Protective Order with respect to any particular information, document or other material; or (f) operate as an admission by any Party that any particular Confidential information is admissible.

23. **Trial.** This Order shall not apply to the submission or filing of Confidential Information at trial in this Action. The parties agree that they will, in advance of trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information at trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of its Confidential Information at trial. Nothing in this Order shall be construed to affect the admissibility of any document or information at trial.

24. **Termination of Proceedings.** The final termination of proceedings in this Action (including any Appeal in this Action) ("Termination") shall not relieve the persons described in Paragraph 9 above from maintaining the confidentiality of the Confidential Information. Within sixty (60) days after Termination of this Action, each party who received Confidential Information: (a) shall either destroy all documents containing Confidential Information—including copies, notes, abstracts, summaries, excerpts, or extracts and documents in possession of counsel and/or experts for the parties—or return them to the designating party, at the designating party's option; and (b) shall certify to the designating party in writing that they have destroyed or returned such documents. Notwithstanding the above, counsel to the above-captioned parties may

retain a set of pleadings, exhibits, and attorney work product for archival purposes. This Court shall retain jurisdiction to enforce all provisions of this Order,

25. **Close of District Court Case.** After the close of the Lawsuit in the District Court, any party may move the Court to return materials that that party filed either under seal or as restricted documents. Any such motion shall be filed within sixty-five (65) days of the close of the Lawsuit in the District Court. If either party fails to file such a motion within sixty-five (65) days of the close of the District Court case, the materials that party filed under seal or as restricted documents will become part of the public case file; provided, that, if there is an Appeal in the Action, all confidential documents will remain as such until the conclusion of such proceedings and the final Termination of the Action.

26. **Remedies.** It is agreed and Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold the Parties or other violators of this Protective Order (including Exhibit A hereto) in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

27. **Petition for Relief.** Any Party may petition the Court for good cause shown if the Party desires relief from a term or condition of this Protective Order.

Case 1:11-cv-00570-JAB-LPA   Document 24-1   Filed 08/28/12   Page 15 of 23

**Dated:**               August 28, 2012

| For Plaintiff: | For Defendant: |
|---|---|
| /s/ Steven J. Thompson<br>Steven J. Thompson<br>sjthompson@uhlaw.com<br>Richard H. Tilghman IV<br>rtilghman@uhlaw.com<br>UNGARETTI & HARRIS LLP<br>3500 Three First National Plaza<br>Chicago, IL  60602<br>Telephone: 312-977-4400<br>Facsimile: 312-977-4405 | /s/Brendan J. O'Rourke<br>Brendan J. O'Rourke<br>borourke@proskauer.com<br>Victoria L. Loughery<br>vloughery@proskauer.com<br>Proskauer Rose LLP<br>11 Times Square<br>New York, NY  10036<br>Telephone:  212-969-3000<br>Facsimile:   212-969-2900 |
| /s/ David W. Sar<br>David W. Sar<br>N.C. State Bar No. 23533<br>dsar@brookspierce.com<br>Eric M. David<br>N.C. State Bar No. 38118<br>edavid@brookspierce.com<br>BROOKS, PIERCE, MCLENDON,<br>  HUMPHREY & LEONARD, L.L.P.<br>230 North Elm Street, Suite 2000<br>Greensboro, NC  27401<br>Telephone: 336-373-8850<br>Facsimile: 336-278-1001 | /s/John F. Morrow, Jr.<br>John F. Morrow, Jr.<br>jmorrow@wcsr.com<br>Womble Carlyle Sandridge & Rice<br>One West Fourth Street<br>Winston-Salem, NC  27101<br>Telephone:  336-721-3600<br>Facsimile:   336-721-3660 |

**IT IS SO ORDERED**

**Dated: _____**      _____

                                    **United States District Judge**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 11-cv-570

RASHARD MENDENHALL,

Plaintiff,

v.

HANESBRANDS INC.

Defendant

**EXHIBIT A**

The undersigned hereby states as follows:

1.      I have read the Confidentiality Order entered in the above-captioned matter.

2.      I agree to be bound by the terms of the Confidentiality Order.

3.      I understand that, pursuant to the Confidentiality Order, I shall not divulge any Confidential Information except in connection with this lawsuit, and that I will not use the information for any purpose unrelated to this lawsuit.

4.      I understand that I am subject to penalties, including citation for contempt of court, if I violate my obligations under the Confidentiality Order, and I consent to the above Court's jurisdiction for this purpose.

Signed:      _____

Print Name: _____

Date: _____

<u>**EXHIBIT B**</u>

<u>**ADDENDUM TO PROTECTIVE ORDER**</u>

The parties have entered into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) concerning the handling and use of documents and depositions in this case. See Fed. R. Civ. P. 29. The parties agree that the stipulated protective order is LIMITED and MODIFIED as set out herein, and understand that any document or item submitted to the Court in violation of this Order is subject to being stricken. The parties further understand and agree that in approving the stipulated protective order, the parties are also ordered to follow the additional procedures set forth below:

**I.     TO THE EXTENT THE STIPULATED PROTECTIVE ORDER IS INCONSISTENT WITH THIS ORDER, THE TERMS OF THIS ADDENDUM, THIS ADDENDUM SHALL TAKE PRECEDENCE**

By approving this Order and accepting the stipulation, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c). Rather, the Court approves the protective order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention. Cf. Longman v. Food Lion, Inc., 186 F.R.D. 331, 333 (M.D.N.C. 1999) (noting that, in a case involving "hundreds of documents containing confidential business information," a blanket protective order was "essential to the efficient functioning of the discovery process"). However, the stipulated protective order is limited by the concerns set out in Hass v. Golding Transport, Inc., No. 1:09CV116, 2010 WL 1257790 (M.D.N.C. March 26, 2010).

To the extent any of the terms of the stipulated protective order are inconsistent with this Addendum, this Addendum controls.

## II. PLEADINGS, MOTIONS, BRIEFS, OR EXHIBITS MAY NOT BE FILED UNDER SEAL WITHOUT SEPARATE COURT APPROVAL

Regardless of any provision contained in the stipulated protective order, the parties may not file any pleading, motion, brief or exhibit under seal without obtaining separate, prior approval from the Court. Thus, a party seeking to file any document under seal must file a separate motion and obtain permission of the Court to file the document under seal. Any request to file a document under seal must meet the requirements of Federal Rule of Civil Procedure 26(c) and must meet the stringent requirements for sealing set out by the Fourth Circuit, as applicable. See Stone v. University of Md. Medical System Corp., 855 F.2d 178 (4th Cir. 1988) (setting out the standard for sealing documents protected by the common law right of access based on a weighing of "competing interests," as well as the higher standard for sealing documents protected by the First Amendment based on a showing that the restriction is "narrowly tailored" and serves a "compelling interest"); Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988) (discussing the applicability of the First Amendment protection to documents filed in connection with motions for summary judgment); Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (noting that on a motion to seal, the court "must determine the source of the right of access with respect to each document, . . . [and] must then weigh the

appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing" (internal citations omitted)). The parties are directed to keep to a minimum the amount of material that they would seek to file under seal. In this regard, the parties are directed to exclude confidential information from court filings unless directly relevant to the issue to be considered. If it is necessary to file information that has been designated as confidential by another party, the filing party should request that the confidentiality designation be eliminated by the supplier of the information. If that request is refused, the filing party may file a motion to seal. In that instance, the motion to seal must set out why it is necessary to file the confidential information, and must detail the efforts made to request that the confidentiality designation be eliminated. In response, the party asserting the confidentiality designation shall have the burden of making the requisite showing under the standards set out above. If a party files a motion seeking to file a document under seal, a redacted copy of the document for which sealing is sought must be filed on the public record. In the redacted document, the omitted material must be generally identified. For example, if only a page, sentence, or word of a deposition, brief, or other material contains confidential information, then only that page, sentence or word should be redacted from the item filed in the public record of the Court, with

an appropriate explanation at the place of withdrawal in the document. The original, unredacted document may be filed under seal as an exhibit to the motion to file under seal. For ease of court review, a party shall submit a judge's copy of the complete unredacted document, with the redacted part clearly marked thereon by highlighting.

## III.  EVIDENCE OR TESTIMONY INTRODUCED IN COURT MAY ONLY BE SEALED BY SEPARATE COURT ORDER ON MOTION OF A PARTY

To the extent that any party would seek to seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other court proceedings, the party must make a separate motion in that regard for consideration by the court that conducted the proceedings, supported by sufficient justification therefore. Likewise, to the extent any party would seek to seal any portion of a transcript of a court proceeding, the party must file a separate motion to seal for consideration by the court that conducted such proceeding.

## IV.  SEALING DOCUMENTS OR RESTRICTING ACCESS IN PROCEEDINGS BEFORE ANY OTHER COURT, INCLUDING ON APPEAL, MUST BE ADDRESSED BY THE PARTIES UNDER THE RULES OF THAT COURT

To the extent the parties may later proceed before any other court, including in any appeals in the present case, the parties must follow the rules of that court with respect to any issues of sealing or restricting access to documents.

## V.  THE STIPULATED PROTECTIVE ORDER, AS LIMITED AND MODIFIED BY THIS ADDENDUM, MAY NOT BE MODIFIED BY THE PARTIES WITHOUT LEAVE OF COURT

Orders in this case, including the stipulated protective order, may not be modified solely by agreement of the parties, and may only be modified with leave of Court on a motion of the parties.

## VI. ALL DOCUMENTS, SEALED OR OTHERWISE, FILED WITH THE COURT SHALL BE DISPOSED OF PURSUANT TO LOCAL RULE 79.4

Local Rule 79.4 provides for disposition of documents filed with the Court, and will continue to control unless otherwise ordered by the Court at the conclusion of the case.