| | |
|---|---|
| RASHARD MENDENHALL,<br><br>Plaintiff,<br><br>v.<br><br>HANESBRANDS INC.<br><br>Defendant | **DEFENDANT HANESBRANDS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Plaintiff Rashard Mendenhall

RESPONDING PARTY:    Defendant Hanesbrands Inc.

SET NO.:             One

Defendant Hanesbrands Inc. ("Hanesbrands" "HBI," or "Defendant"), by and through its attorneys Proskauer Rose LLP and Womble Carlyle Sandridge & Rice, LLP, submits the following objections and responses to Plaintiff's First Set of Interrogatories ("Interrogatories"):

**GENERAL OBJECTIONS**

The following General Objections apply to the Interrogatories and shall have the same force and effect as if they were fully set forth in response to each individually numbered Interrogatory. Additional specific objections are interposed below under each individually numbered Interrogatory. The statement or repetition of any objection to any

individual Interrogatory shall in no way waive or prejudice HBI's assertion of the General Objections as to all Interrogatories.

1. HBI incorporates by reference its General Objections to Plaintiff's First Request for Production, to the extent applicable herein.

2. HBI objects to these Interrogatories to the extent that they seek information that is beyond the permissible scope of discovery allowable under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Middle District of North Carolina.

3. HBI objects to the Interrogatories, including the Definitions and Instructions, to the extent that they incorporate definitions or rules of construction that differ from those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Middle District of North Carolina. HBI will comply with the requirements of the applicable rules

4. HBI objects to Plaintiff's overbroad, unduly burdensome and improper definition of "identify."

5. HBI objects to Plaintiff's Instruction Nos. 5, 6 and 8 on the grounds that they are unduly burdensome, and to the extent that they impose obligations on HBI that differ from those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Middle District of North Carolina..

6. HBI objects to the Interrogatories to the extent that any interrogatory purports, or may be construed, to call for the disclosure of "each" or "all" documents, communications or information pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome, and on the ground that a party must use

a request for production of documents in order to obtain documents, and may not use interrogatories as a substitute for such a request. HBI will not produce documents in response to the Interrogatories.

7. HBI objects to these Interrogatories to the extent they seek information or the identification of documents that are work product, prepared in anticipation of litigation, protected by the attorney-client, consulting-expert, and/or other applicable privileges, or otherwise exceed the scope of permissible discovery. HBI further states that by responding to these Interrogatories, it is not intentionally or unintentionally waiving its attorney-client privilege, work product doctrine protection, or any other privilege or doctrine protecting its communications, transactions, or records from disclosure, and therefore, any response inconsistent with the foregoing is wholly inadvertent and by mistake and not a waiver of any such privileges or protections.

8. HBI objects to the Interrogatories to the extent that they presume the existence of certain facts, or are based on assumptions, neither proven by Plaintiffs, nor admitted by HBI or either of them. HBI's willingness to respond to any Interrogatory does not constitute in any manner HBI's admission to any of the assertions set forth or assumed in the Interrogatory, nor constitute a waiver of HBI's objections thereto.

9. HBI objects to these Interrogatories to the extent they seek discovery (a) that is unreasonably cumulative or duplicative; (b) that is already within Plaintiff's knowledge, possession, and/or control; (c) that is not within HBI's possession or control; (d) that is publicly available; or (e) that is obtainable with equal or less effort by Plaintiff.

10. HBI objects to these Interrogatories to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this litigation, and thus

3

Case 1:11-cv-00570-JAB-LPA   Document 27-1   Filed 09/13/12   Page 3 of 12

overbroad, unduly burdensome, and seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11. The responses to these Interrogatories are made without in any way waiving, but rather, intending to preserve and preserving: (a) all objections by HBI as to competency, relevancy, materiality, and admissibility of the answers or the subject matter thereof; (b) all rights of HBI to object on any grounds to use of said responses, or the subject matter thereof in any proceeding, including the hearing or trial of this or any other action; and (c) all rights of HBI to object, on any grounds, to requests for further responses to these or any other discovery requests, involving or relating to the subject matter of the Interrogatories.

12. HBI objects to the Interrogatories insofar as any interrogatory seeks HBI's confidential and proprietary business information, as the Court has not yet entered an appropriate protective order protecting such information. HBI will produce such information after the Court enters a protective order.

13. HBI objects to the Interrogatories to the extent they call for confidential information relating to third parties that cannot be disclosed by HBI because of HBI's contractual obligations.

14. The fact that HBI has objected and/or responded to an individual interrogatory shall not be interpreted as implying that responsive documents or information exist, or that HBI acknowledges the propriety of the interrogatory.

15. HBI has not completed its investigation of the facts in this proceeding nor its review of relevant documents. Accordingly, the objections and responses herein are

based on present knowledge, information, and belief. HBI reserves the right to modify, supplement, or amend any objection and response, if necessary or appropriate, in any way and at any time, and to produce or disclose additional non-privileged, responsive documents or information if any are located.

16. HBI provisionally designates its responses to Plaintiff's Interrogatories as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, subject to the entry of an appropriate protective order.

**SPECIFIC RESPONSES AND OBJECTIONS**

Without waiving and subject to the foregoing General Objections, HBI responds to each Interrogatory as follows:

**INTERROGATORY NO. 1:**

Identify all persons involved in or consulted regarding the termination of the Talent Agreement or the termination of Plaintiff as an endorser or spokesperson for Hanesbrands or the Champion brand.

**ANSWER:**

HBI objects to this interrogatory on the ground that it is overly broad, particularly with regard to its use of the phrase "all persons." HBI further objects that the terms "involved" and "consulted," as used in this interrogatory, are vague, ambiguous and/or inherently subjective. Subject to and without waiver of these objections and the General Objections, HBI responds that, based on HBI's not-yet-completed investigation of the facts, it believes the following persons may have been principally involved in the termination of the Talent Agreement or the termination of Plaintiff as an endorser for Hanesbrands or the Champion brand:

- Nadine Hall, President, Retail Group, Hanesbrands Inc.
- Lynne Fuller-Andrews, Associate General Counsel, Hanesbrands Inc.

5

- Matt Hall, VP of Corporate Communications, Hanesbrands Inc.
- Todd Hansen, O'Malley Hansen Public Relations
- Claire Edgar Powell, former Director of Champion Brand Marketing, Hanesbrands Inc.
- William Nictakis, Co-Chief Operating Officer, Hanesbrands Inc.

**INTERROGATORY NO. 2:**

Identify all facts, documents, and communications Hanesbrands relied upon in terminating the Talent Agreement under the standard set forth in Section 17(a) of the Talent Agreement, as amended by letter on August 31, 2010.

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." HBI further objects to this interrogatory on the grounds that the term "relied upon," as used in this interrogatory, is vague, ambiguous and/or inherently subjective. Subject to and without waiver of these objections and the General Objections, HBI responds that, based on HBI's not-yet-completed investigation of the facts, the facts, documents and communications it relied upon in terminating the Talent Agreement included but was not limited to:

- The Tweets concerning the death of Osama bin Laden and the terrorist attacks of September 11, 2011, posted by Plaintiff to his Twitter feed, including re-Tweets and Tweets subsequently deleted by Plaintiff.
- Plaintiff's "letter of explanation," referenced in ¶36 of the Complaint.
- Public reaction to Plaintiff's Tweets and "letter of explanation," including, *inter alia,* comments made in blog posts, postings on social media sites, and news reports concerning public reaction to Plaintiff's Tweets and letter of explanation.

Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and further responds that additional information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production.

**INTERROGATORY NO. 3:**

Identify all facts, documents, and communications supporting the allegation in Defendant's Third Affirmative Defense that Plaintiff failed to perform his contractual obligations.

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and responds that information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production. In addition, subject to and without waiver of these objections and the General Objections, HBI responds that additional facts supporting HBI's Third Affirmative Defense may be found by reviewing HBI's Answer in this matter, as well as HBI's Motion for Judgment on the Pleadings, including all briefs in support thereof and exhibits attached thereto.

**INTERROGATORY NO. 4:**

Identify all facts, documents, and communications supporting the allegation in Defendant's Fourth Affirmative Defense that Plaintiff's claims are barred by his prior material breach of the Talent Agreement.

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and responds that information responsive to this interrogatory can be determined by reviewing the documents HBI has

agreed to produce in response to Plaintiff's First Requests for Production. In addition, subject to and without waiver of these objections and the General Objections, HBI responds that additional facts supporting HBI's Fourth Affirmative Defense may be found by reviewing HBI's Answer in this matter, as well as HBI's Motion for Judgment on the Pleadings, including all briefs in support thereof and exhibits attached thereto.

**INTERROGATORY NO. 5:**

Identify all facts, documents, and communications supporting the allegation in Defendant's Fifth Affirmative Defense that Plaintiff failed to perform his obligations in a competent and satisfactory manner.

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and responds that information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production. In addition, subject to and without waiver of these objections and the General Objections, HBI responds that additional facts supporting HBI's Fifth Affirmative Defense may be found by reviewing HBI's Answer in this matter, as well as HBI's Motion for Judgment on the Pleadings, including all briefs in support thereof and exhibits attached thereto.

**INTERROGATORY NO. 6:**

Identify all facts, documents, and communications supporting the allegation in Defendant's Seventh Affirmative Defense that Plaintiff's claim is barred because Plaintiff breached the covenant of good faith and fair dealing.

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and responds that information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production. In addition, subject to and without waiver of these objections and the General Objections, HBI responds that additional facts supporting HBI's Seventh Affirmative Defense may be found by reviewing HBI's Answer in this matter, as well as HBI's Motion for Judgment on the Pleadings, including all briefs in support thereof and exhibits attached thereto.

**INTERROGATORY NO. 7:**

Identify all facts, documents, and communications supporting the allegation in Defendant's Eighth Affirmative Defense that Plaintiff's claims are barred by the doctrine of estoppel, waiver and/or unclean hands.

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and responds that information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production. In addition, subject to and without waiver of these objections and the General Objections, HBI responds that additional facts supporting HBI's Eighth Affirmative Defense may be

9

found by reviewing HBI's Answer in this matter, as well as HBI's Motion for Judgment on the Pleadings, including all briefs in support thereof and exhibits attached thereto.

**INTERROGATORY NO. 8:**

Identify all persons involved in determining "the values of the Champion brand," and all documents reflecting "the values of the Champion brand."

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all persons involved in determining 'the values of the Champion brand'" and "all documents reflecting 'the values of the Champion brand." HBI further objects to this interrogatory on the ground that the term "involved in," "determining," and "values," as used in this interrogatory are vague, ambiguous and/or inherently subjective. Subject to and without waiver of these objections and the General Objections, HBI responds that the persons who participate in the brand management of the Champion brand include:

- Nadine Hall, President, Retail Group, Hanesbrands Inc.
- Claire Edgar Powell, former Director of Champion Brand Marketing, Hanesbrands Inc.
- William Nictakis, Co-Chief Operating Officer, Hanesbrands Inc.

Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and further responds that additional information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production.

**INTERROGATORY NO. 9:**

Identify all facts, documents, and communications relating to whether Plaintiff's Tweets brought him into "public disrepute, contempt, scandal or ridicule" or tended to "shock,

10

insult or offend the majority of the consuming public or any protected class or group thereof."

**ANSWER:**

HBI objects to this interrogatory on the grounds that it is compound, overly broad and unduly burdensome, in as far as it calls for the identification "all facts, documents and communications." Subject to and without waiver of these objections and the General Objections, HBI states that the facts, documents and communications relating to whether Plaintiff's Tweets tended to bring him into "public disrepute, contempt, scandal or ridicule" or tended to "shock, insult or offend the majority of the consuming public or any protected class or group thereof" include but are not limited to:

- Public reaction to Plaintiff's Tweets and "letter of explanation," including, *inter alia,* comments made in blog posts, postings on social media sites, and news reports concerning public reaction to Plaintiff's Tweets and letter of explanation.

Subject to and without waiver of these objections and the General Objections, HBI refers Plaintiff to Fed. R. Civ. P. 33(d)(1) and further responds that additional information responsive to this interrogatory can be determined by reviewing the documents HBI has agreed to produce in response to Plaintiff's First Requests for Production.

**INTERROGATORY NO. 10:**

State the precise date and time at which Hanesbrands determined to terminate the Talent Agreement and the person(s) who made that determination.

**ANSWER:**

HBI objects to this interrogatory on the ground that the term "determined" as used in this interrogatory is vague, ambiguous and/or inherently subjective. Subject to and without waiver of this objection and the General Objections, HBI responds as follows:

11

HBI's decision to terminate the Talent Agreement was the result of a deliberative process involving several HBI personnel. As a result, HBI cannot state "the precise date and time" at which HBI "determined to terminate the Talent Agreement."

Dated: August 7, 2012

    /s/ Victoria L. Loughery_____

John F. Morrow, Jr. (N.C. State Bar No. 23382)
Brent F. Powell (N.C. State Bar No. 41938)
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
United States of America
Telephone: (336) 721-3584
jmorrow@wcsr.com
brpowell@wcsr.com

Brendan J. O'Rourke
Victoria L. Loughery
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
borourke@proskauer.com
vloughery@proskauer.com

*Attorneys for Defendant Hanesbrands Inc.*