# UNGARETTI
## & HARRIS

**RICHARD H. TILGHMAN IV**
312.977.4881
rhtilghman@uhlaw.com

Three First National Plaza
70 West Madison – Suite 3500
Chicago, Illinois 60602.4224
Telephone: 312.977.4400
Fax: 312.977.4405
www.uhlaw.com

UNGARETTI & HARRIS LLP

CHICAGO, ILLINOIS

SPRINGFIELD, ILLINOIS

WASHINGTON, D.C.

August 23, 2012

**VIA ELECTRONIC MAIL**

Brendan J. O'Rourke
Victoria L Loughery
Proskauer Rose LLP
Eleven Times Square
(Eighth Avenue & 41st Street)
New York, NY 10036-8299

   Re: *Mendenhall v. Hanesbrands, Inc.*, Case No. 11 CV 570

Dear Counsel,

   I am writing pursuant to Local Rule 37.1 to request a conference regarding Defendant's responses to Plaintiff's discovery. Please let us know your availability next week for a telephone conference to discuss the matters addressed below.

**I.  Interrogatories**

   **A.  Interrogatory No. 1 (Identify All Persons Involved in Terminating Mendenhall)** – Hanesbrands objected to this request as overbroad by using the term "all persons" and vague as to the use of the words "involved in" or "consulted." In its response, Hanesbrands states that "the following persons may have been principally involved in the termination . . . ." Hanesbrands's objections are without merit and should be withdrawn. We cannot imagine that any court in the United States would uphold Hanesbrands's vagueness objection to the use of the words "involved in" and "consulted," particularly when you use the very same words ("principally involved in") in your response. Please revise your response to identify all persons involved in or consulted regarding Mendenhall's termination, not merely those who, as Hanesbrands describes it, "may have been principally involved."

   **B.  Interrogatory No. 2 (Identify Facts Relied Upon in Terminating Mendenhall)** – Hanesbrands objected to this request as overbroad and vague as to the use of the term "relied upon." In its response, Hanesbrands stated that the "facts, documents and communications it relied upon in terminating the Talent Agreement included but was not limited to . . . ."

4847-4422-4528.1

UNGARETTI
     ᗺ HARRIS

Brendan J. O'Rourke
Victoria L. Loughey
Proskauer Rose LLP
Page 2
August 23, 2012

Hanesbrands's objections are without merit and should be withdrawn. The use of the words "relied upon" is not vague, as demonstrated by Hanesbrands's own use of those words in its response. Likewise, the request is not overbroad, as Mendenhall has the right to discover what facts Hanesbrands relied upon in terminating him.

     **C.     Interrogatory Nos. 3-7 (Identify Facts Supporting Affirmative Defenses)** – Interrogatories 3 through 7 seek discovery regarding what facts support Hanesbrands's third, fourth, fifth, seventh and eighth affirmative defenses. Hanesbrands has objected to the requests as overly broad and referred Mendenhall to: (1) "documents HBI has agreed to produce in response to Plaintiff's" document requests; (2) its Answer; and (3) its Motion for Judgment on the Pleadings. Hanesbrands's reference to "documents HBI has agreed to produce" does not satisfy Rule 33(d)'s requirement that the documents be identified so Mendenhall "can locate and identify them as readily as" Hanesbrands; there is no way for Mendenhall to know what documents Hanesbrands believes support its defenses unless the documents are specifically identified. Because Hanesbrands's affirmative defenses do not plead any facts, Mendenhall needs a concrete answer to this interrogatory to understand the bases for Hanesbrands's defenses.

     **D.     Interrogatory No. 8 (Identify Persons Who Determined the Values of the Champion Brand and Documents Reflecting Those Values)** – Hanesbrands has objected to this request as overbroad and vague as to the terms "involved in," "determining," and "values." Hanesbrands's response identifies "the persons who participate in brand management," which does not answer the question posed by the interrogatory. As you know, in announcing Mendenhall's termination, Champion stated that Mendenhall's comments and opinions "were inconsistent with the values of the Champion brand . . . ." Based on this representation, Mendenhall is entitled to know who was involved in determining Champion's brand values and what documents reflect those values. The interrogatory is not vague, as demonstrated by Hanesbrands's own use of the purportedly vague terms.

     **E.     Interrogatory No. 9 (Identify Facts Relating to Whether Tweets Satisfied Requirements of Section 17(a))** – Hanesbrands has objected to this request as overly broad and stated that the facts relating to this issue "include but are not limited to" certain unidentified "comments in blog posts, postings on social media sites, and new reports . . . ." Hanesbrands's response does not fully answer the interrogatory. Please revise your answer to respond with the information requested.

     **F.     Interrogatory No. 10 (Identify When Hanesbrands Determined to Terminate the Talent Agreement)** – Hanesbrands has objected to this request as vague as to the use of the word "determined" and has stated that the decision was "the result of a deliberative process" so

UNGARETTI
  ᾳ HARRIS

Brendan J. O'Rourke
Victoria L. Loughey
Proskauer Rose LLP
Page 3
August 23, 2012

Hanesbrands cannot identify when the decision was made. Hanesbrands's vagueness objection is without merit and should be withdrawn. If Hanesbrands still cannot identify a precise date and time when the decision was made, it should at the very least provide the date of the decision.

## II. Document Requests

**A. Production of "Non-Privileged Documents Responsive to" Requests** – In response to most of Mendenhall's requests, Hanesbrands states that it will produce "non-privileged documents responsive to this request . . . ." First, it is not clear whether Hanesbrands has agreed to produce <u>all</u> non-privileged documents responsive to Mendenhall's requests, or some subset of all responsive documents. Please confirm that Hanesbrands will search for all responsive documents and produce those over which it has not claimed a privilege. Second, for any allegedly privileged communications, please produce a privilege log.

**B. Documents That "May Exist and May Have Been Reviewed Or Considered" But Are Not Within Hanesbrands's Control** – In response to several requests, Hanesbrands has stated that "[d]ocuments and things may exist and may have been reviewed or considered but may not be in [Hanesbrands's] possession, custody, or control." Please identify any documents that were "reviewed or considered" by Hanesbrands in terminating Mendenhall, but which are not within its control, when the documents left Hanesbrands's control, and how the documents were removed from Hanesbrands's control.

**C. Specific Requests**

**1. Request No. 12 (Documents In Hanesbrands's Possession, Custody, or Control Relating to the Public Reaction to the Death of Bin Laden)** – Hanesbrands has objected to this request as not reasonably calculated to lead to discovery of admissible evidence. In Hanesbrands's May 11, 2011 letter to Mendenhall, Hanesbrands's claims that Mendenhall's comments and opinions tended to "shock, insult, or offend the majority of the consuming public or any protected class or group thereof." Based on Hanesbrands's reliance on this provision, documents within its control regarding public reaction to Bin Laden's death are relevant to whether this standard was met. This request is also likely to lead to the discovery of admissible evidence relating to the sincerity of Hanesbrands's assertions that Mendenhall's comments and opinions "were inconsistent with the values of the Champion brand and with which we strongly disagreed."

**2. Request No. 30 (Documents Relating to Factors Considered by Hanesbrands in Determining Whether to Terminate an Endorser Under a Morals Clause)**

4847-4422-4528.1

# UNGARETTI
## ᖳ HARRIS

Brendan J. O'Rourke
Victoria L. Loughey
Proskauer Rose LLP
Page 4
August 23, 2012

– Hanesbrands has objected to this request as overbroad, not reasonably calculated to lead to discovery of admissible evidence, and vague as to the words "factors" and "Morals Clause." Hanesbrands's objections are without merit and should be withdrawn. Information about what factors Hanesbrands considered in terminating its endorsers under a morals clause is directly relevant to the reasonableness of Hanesbrands's termination of Mendenhall.

**3. Request Nos. 31-32, 35 (Documents Relating to Termination of Endorsers Under a Morals Clause)** – Hanesbrands has objected to this request as overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Hanesbrands's objections are without merit and should be withdrawn. The circumstances under which Hanesbrands has or has not terminated other endorsers under a morals clause is directly relevant to whether Mendenhall's termination was unreasonable and arbitrary.

**4. Request Nos. 33-34, 36, 41 (Relationship With Charlie Sheen and His Comments Regarding September 11, 2001 Terrorist Attacks)** – As Hanesbrands is aware, Charlie Sheen, who made headlines for his public comments about the September 11, 2001 terrorist attacks, was a former spokesperson for Hanesbrands. As a result, Mendenhall's requests relating to Mr. Sheen are likely to lead to the discovery of admissible evidence as to whether Hanesbrands's termination of Mendenhall based on his public comments about the September 11, 2001 terrorist attacks was reasonable and not arbitrary.

**5. Request No. 37 (Documents Referring to the Litigation)** – Hanesbrands objected to this request as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and seeking privileged information. Hanesbrands's relevance objection is without merit and should be withdrawn. To the extent documents responsive to this request are privileged, Hanesbrands should produce a privilege log.

Please let us know your availability to discuss these issues. Given the upcoming mediation and the Court's discovery deadlines, we need to resolve any outstanding issues promptly.

Sincerely,

Richard H. Tilghman IV