LEXSEE



Analysis
As of: Oct 09, 2012

**DEW ELECTRIC, LLC, Plaintiff, v. MASS ELECTRIC CONSTRUCTION CO. and ALDRIDGE ELECTRIC, INC., d/b/a MASS-ALDRIDGE, a Joint Venture; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and CONTINENTAL CASUALTY COMPANY, Defendants.**

CIVIL CASE NO. 3:09-CV-361-RJC-DCK

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION

2010 U.S. Dist. LEXIS 44164

April 14, 2010, Decided
April 14, 2010, Filed

**SUBSEQUENT HISTORY:** Partial summary judgment granted by, Claim dismissed by Dew Elec., Inc. v. Mass Elec. Constr. Co., 2010 U.S. Dist. LEXIS 52072 (W.D.N.C., May 25, 2010)

**PRIOR HISTORY:** Dew Elec., Inc. v. Mass Elec. Constr. Co., 2010 U.S. Dist. LEXIS 19905 (W.D.N.C., Mar. 5, 2010)

**CORE TERMS:** discovery, undersigned, interrogatory, trade practices, future projects, deceptive, unfair, summary judgment, partial, lawsuit, ban, discovery of admissible evidence, reasonably calculated to lead, liberal construction, discoverable, admissible, embarrass, harass, annoy, discovery requests, joint ventures, breach of contract, incomprehensible, fraudulent, responded, contested, submittal, overbroad, punitive, billing

**COUNSEL:** [*1] For Dew Electric, LLC, Plaintiff, Counter Defendant: Fenton Tilson Erwin, Jr., Ronald L. Gibson, LEAD ATTORNEYS, Erwin and Eleazer, P.A., Charlotte, NC.

For Mass Electric Construction Co., Aldridge Electric, Inc., doing business as Mass-Aldridge, a Joint Venture, Defendants: Matthew Felton Tilley, Richard A. Vinroot, LEAD ATTORNEYS, Robinson, Bradshaw & Hinson, Charlotte, NC.

For Travelers Casualty and Surety Company of America, Continental Casualty Company, Defendants, Counter Claimants: William L. Esser, IV, LEAD ATTORNEY, Parker Poe Adams & Bernstein, LLP, Charlotte, NC.

For Mass Electric Construction Co., Aldridge Electric, Inc., Counter Claimants: Richard A. Vinroot, LEAD ATTORNEY, Robinson, Bradshaw & Hinson, Charlotte, NC.

**JUDGES:** David C. Keesler, United States Magistrate Judge.

**OPINION BY:** David C. Keesler

**OPINION**

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery And To Extend The Time For Completion Of Discovery" (Document No.

Page 1

24) filed February 26, 2010. This motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having fully considered the record, the briefs, and applicable authority, the undersigned will grant the motion [*2] in part, and deny the motion in part.

## I. BACKGROUND

Plaintiff DEW Electric, LLC ("Plaintiff" or "DEW") filed this action in the Superior Court of Mecklenburg County, North Carolina, on July 20, 2009. Defendants Mass. Electric Construction Co. ("Mass Electric") and Aldridge Electric, Inc. ("Aldridge Electric") d/b/a Mass-Aldridge, a Joint Venture (jointly "Defendant" or "MAJV") removed the matter to this Court on August 21, 2009. On December 15, 2009, Plaintiff filed its "Motion To Amend Complaint" (Document No. 15) which was granted by Order (Document No. 16) of the Court on January 6, 2010. The Amended Complaint asserts claims for: breach of contract, *quantum meruit,* breach of implied covenant of good faith and fair dealing, fraud, unfair and deceptive trade practices, and punitive damages. (Document No. 15-1). On February 26, 2010, Plaintiff filed its "...Motion To Compel Discovery And To Extend The Time For Completion Of Discovery" (Document No. 24).

This case arises from Plaintiff's involvement as a subcontractor for MAJV, which had entered into various contracts with the City of Charlotte (the "City") to provide construction services for the City's South Corridor Light Rail Project [*3] (the "Project"). Plaintiff entered into two subcontracts with Defendant in March and April 2005. Plaintiff contends that it performed its obligations under the contracts, but that Defendant has failed and refused to pay Plaintiff for all its work, and moreover, that Defendant's actions amount to fraud and unfair and deceptive trade practices.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979); and Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). "But discovery, like all [*4] matters of procedure, has ultimate and necessary boundaries." Hickman, 329 U.S. at 507. A litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988)(noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986)(same).

Plaintiff served counsel for the Defendant its First Set of Interrogatories and Request for Production of Documents on or about December 17, 2009. Defendant served responses to the discovery requests on January 25, 2010. Plaintiff's instant motion to compel contends that all of its discovery requests are relevant to its claims for relief and reasonably calculated to lead to the discovery of admissible evidence. [*5] Plaintiff seeks an order from the Court compelling Defendant to respond fully to certain requests Defendant has deemed objectionable or to which Defendant responded "not applicable." The contested discovery falls into three distinct subject areas, and the undersigned will address each in turn.

### A. Prior Cases Involving MAJV

Plaintiff's Interrogatories Nos. 1 and 2 seek information regarding other litigation involving MAJV and its subsidiaries, joint ventures, affiliates and employees. Defendant contends that these requests: 1)

exceed the scope of permissible discovery; 2) are overly burdensome; and 3) are intended to harass, annoy, or otherwise embarrass MAJV.

Plaintiff argues that discovery of other projects where Defendant has engaged in fraud and/or criminal conduct is relevant to its conduct on the Charlotte Project. Plaintiff contends that evidence of similar schemes and practices can be offered and admitted as evidence of intent to engage in fraudulent accounting and billing practices.

Much of Defendant's objection to these interrogatories appears to stem from its position that Plaintiff's fraud claim is defective. In fact, Defendant has recently filed a motion (Document No. 28) for [*6] partial summary judgment as to Plaintiff's fraud, unfair and deceptive trade practices, and punitive damages claims. Although the Court's decision on the pending motion for partial summary judgment could, theoretically, moot some or all of Plaintiff's basis for the requested discovery, a determination of the merits of Plaintiff's claims is not before the undersigned. At this stage of the litigation, the undersigned's priority is to assist as necessary in seeing that discovery is completed as fairly and efficiently as possible. Previously in this case, the Honorable Robert J. Conrad, Jr. denied a partial summary judgment motion as premature where Plaintiff had not yet had adequate opportunity to develop its claims and arguments. (Document No. 27).

Focusing therefore on the instant motion to compel, the standard is clear that the rules of discovery are to be given liberal construction and that discoverable information need not be admissible at trial. The undersigned believes that Plaintiff should be given a reasonable opportunity to develop its claims and arguments and thus the requested information should be provided, with modification. The motion to compel responses to Interrogatories [*7] Nos. 1 and 2 will be granted as follows:

    1. Defendants Mass Electric and Aldridge Electric shall state whether any criminal prosecutions, civil lawsuits, including counterclaims and cross claims have been brought against either entity within the past seven (7) years alleging:

    (a) breach of contract;

    (b) fraud, including fraudulent billing; or

    (c) unfair and deceptive trade practices.

    2. If the response to the preceding is affirmative, Defendants shall state for each such proceeding:

    (a) the name of the party commencing the lawsuit;

    (b) the date the lawsuit was commenced;

    (c) the city, state, and court in which the proceeding was commenced; and

    (d) the docket number.

This information shall be provided to Plaintiff as soon as possible, but no later than **May 15, 2010.**

**B. DEW Proposals Submitted to the City by MAJV**

The next contested area of discovery involves Plaintiff's Request for Production No. 10 seeking "a copy of any DEW bids, proposals, or submittal not previously produced in response to these Requests for Production which were submitted to the City by MAJV as part of any bid, proposal or other submittal." (Document No. 25-1, p.11). Defendant originally objected to this request as "vague, [*8] overbroad and incomprehensible" however, Defendant's response to the motion to compel states that it has agreed to comply with the request to the extent DEW can reasonably identify the documents it seeks.

The undersigned does not find that Request for Production No. 10 is vague, overbroad, or incomprehensible. Rather, it appears to be a reasonable and concrete request that is potentially relevant to Plaintiff's claims. The motion will therefore be granted as to this item. Defendant shall comply with this request, if it has not already, as soon as possible, but no later than **May 15, 2010.**

**C. Alleged Ban of DEW from Future Projects**

Finally, Plaintiff seeks an order compelling Defendant to respond more fully to Interrogatory No. 5, and the related Request for Production No. 3. These discovery requests involve information Plaintiff believes to exist related to an alleged ban by Mass Electric and/or Aldridge Electric of DEW from future projects. Defendant responded to the interrogatory as follows:

> Not Applicable. For further reference, MAJV's Phillip ("Butch") Reynolds was asked about this subject in his deposition in this action, in which he testified as follows:
>
> > Q. Has there been any decision [*9] about whether DEW would do work with Mass Electric or Kiewit on future projects you're aware of?
> >
> > A. There's not been any internal conversations about that.

(Document No. 25-1, p.6). The response to the related request for production was simply "Not applicable." Id. at p.7.

Plaintiff objects to the form of the response as evasive and incomplete. On its face, the response appears reasonable to the undersigned, and therefore, the undersigned will deny the motion to compel, consistent with the following guidance. If, as Plaintiff alleges, a decision was made at a parent company, or elsewhere, or other information related to Interrogatory No. 5 has become available, Defendant shall supplement its response immediately. If, as Defendant's answer suggests, there have been no discussions or decisions by Mass Electric or Aldridge Electric to ban Plaintiff from future projects, then the response provided in this instance is sufficient.

**III. CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery And To Extend The Time For Completion Of Discovery" (Document No. 24) is **GRANTED IN PART** and **DENIED IN PART,** as described herein. An extension of time, except as otherwise provided [*10] herein, is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that costs and expenses, including attorneys' fees, are **DENIED.**

**IT IS FURTHER ORDERED** that the Motions Deadline is *sua sponte* extended to **June 15, 2010.**

**SO ORDERED.**

Signed: April 14, 2010

/s/ David C. Keesler

David C. Keesler

United States Magistrate Judge