
Analysis
As of: Oct 09, 2012

**CHARLES MICHAEL CASSELL, III, Plaintiff, v. OFFICER MONROE, et al., Defendants.**

**No. 5:10-CT-3023-BO,No. 5:10-CT-3094-BO**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, WESTERN DIVISION**

**2010 U.S. Dist. LEXIS 129075**

**December 6, 2010, Decided
December 7, 2010, Filed**

**SUBSEQUENT HISTORY:** Motion denied by, Motion granted by Cassell v. Monroe, 2011 U.S. Dist. LEXIS 63999 (E.D.N.C., June 15, 2011)

**CORE TERMS:** clerk's, discovery, amend, clerical mistake, dispositive, frivolity, docketed, civil rights, filing fee, fail to comply, remittance, directing, frivolous, entirety, vacate, void, case number, appearing, notified, vacated

**COUNSEL:** [*1] Charles M. Cassell, III, Plaintiff, Pro se, Taylorsville, NC.

**JUDGES:** TERRENCE W. BOYLE, United States District Judge.

**OPINION BY:** TERRENCE W. BOYLE

**OPINION**

**ORDER**

On March 1, 2010, Charles Michael Cassell, III ("plaintiff") filed a civil rights suit in this district, Cassell v. Monroe, et al., No. 5:10-CT-3023-BO (hereinafter "Cassell # 1"). On June 10, 2010, the clerk's office received a filing, docketed it as a separate civil rights suit, and opened a second case, Casselll v. Monroe, 5:10-CT-3094-BO (hereinafter "Cassell # 2"). Cassell # 2 did not included an Application to Proceed without Prepayment of Fees and Affidavit. Therefore, on June 15, 2010, an order of deficiency was entered in the matter. (Cassell # 2, D.E. # 2) On June 24, 2010, the Clerk of Court entered an order directing remittance of the $350.00 filing fee as set out and required under 28 U.S.C. § 1915(b)(1). (Cassell # 2, D.E. # 4) Prior to that, on March 9, 2010, the Clerk had entered the same order directing remittance of the $350.00 filing fee in Cassell # 1. (Cassell # 1, D.E. 5)

To begin, it appears that a clerical mistake was made in filing two separate suits. Both cases involve the same defendants, the same dates, and the same allegations. [*2] Filings in Cassell # 2 appear to have been made to clarify filings made in Cassell # 1, not to open a second case. Supportive of this conclusion, is the fact Cassell did not file a second Application to Proceed without Prepayment of Fees and Affidavit along with the filing construed as a separate complaint until instructed by the court to do so. Furthermore, Cassell wrote letters indicating his confusion about what was pending before this court. Under Rule 60(a) clerical mistakes in any part of the record may be corrected by the court sua sponte so long as no appeal is pending. Fed. R. Civ. P. 60(a). As of

the date of this order, no dispositive motions have been filed in either case, no dispositive orders have been entered in either case, and no appeal has been docketed in the United States Court of Appeals for the Fourth Circuit in either case, and the district court may correct the mistake. Id. The Clerk is DIRECTED to void and vacate Cassell # 2 in its entirety and incorporate the filings in Cassell # 2 into Cassell # 1 in chronological order. Thereafter, one case shall remain, Cassell v. Monroe, No. 5:10-CT-3023-BO.

Given this posture, the court now reviews the matter for a frivolity [*3] determination and ruling on the pending motions. [1] 28 U.S.C. § 1915(e)(2). In reviewing this complaint, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

> [1] Prior to conducting this frivolity review, plaintiff made a filing docketed as a Motion to Amend (Cassell # 2, D.E. # 5). A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). The court shall allow the July 1, 2010, Motion to Amend (Cassell # 2, D.E. # 5). Therefore, the court conducts the frivolity review as to both the original complaint and the Motion to Amend.

The action, while difficult to understand, arises out of the alleged beating of plaintiff by defendant Officer Monroe on January 22, 2008, and February 22, 2008. Plaintiff further alleges deliberate indifference to his medical care and intentional interference with his mail. It appears that the named [*4] defendants are Officer Monroe, Dr. Owens, P.A. Williams, P.A. Leggett, Officer Gragainis, Officer Conner, Officer Hinson, Officer Blow, Sergeant Sutton, J. Winebarger, and P. Jackson. [2] The court shall allow these claims to proceed against these defendants. However, before proceeding, plaintiff must provide the addresses of defendants. Without addresses the Marshal will be unable to effect service upon defendants due to the insufficient address information. Therefore, plaintiff is allowed 14 days to comply with this order.

> [2] There are additional defendants appearing on the docket (Cassell # 1) identified only as "Doctor," "All Officers," and "Disciplinary Hearing Officer," however, these parties are DISMISSED as they appear to be named in other filings.

There are also two motions for discovery before the court filed by Cassell (Cassell # 1, D.E. # 7 and # 8). The motions fail to comply with Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which states that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Cassell's motions also fail to comply with Local Civil Rule 7.1(d), E.D.N.C., [*5] which requires that his motion be accompanied by a supporting memorandum. Further, it is likely defendants will serve him with the relevant prison and medical records when they serve their dispositive motions. If, after pursuing the proper avenues to obtain the information as well as receiving the records within defendants filings, Cassell seeks additional relevant information, he may properly re-submit his motion to compel for the court's consideration. Cassell's motions for discovery are denied.

Accordingly, the Clerk is DIRECTED to correct the clerical mistake. Thus, the Clerk is DIRECTED to VOID and VACATE Cassell v. Monroe, 5:10-CT-3094-BO, in its entirety. In doing so the June 24, 2010, order (Cassell # 2, D.E. # 4) is VACATED and the monies collected must be returned to Cassell's trust fund account. The Clerk is DIRECTED to notify the Department of Corrections to cease drafting funds from Cassell's trust account for case number 5:10-CT-3094-BO. Further, the Clerk is DIRECTED to incorporate all filings made in Cassell v. Monroe, 5:10-CT-3094-BO in chronological order into Cassell v. Monroe, 5:10-CT-3023-BO which remains open and active. The matter is ALLOWED to proceed against [*6] Officer Monroe, Dr. Owens, P.A. Williams, P.A. Leggett, Officer Gragainis, Officer Conner, Officer Hinson, Officer Blow, Sergeant Sutton, J. Winebarger, and P. Jackson. All other defendants appearing in the docket are DISMISSED. However, the matter cannot proceed until Cassell provides the court with addresses for the 11 remaining named defendants. He is given 14 days to provide the addresses of the 11 defendants. The motions for discovery are DENIED (Cassell # 1, D.E. # 7 and # 8) and the motion to amend is ALLOWED (Cassell # 2, D.E. # 5).

Cassell is NOTIFIED that he has one active case pending in this district. The case is Cassell v. Monroe, No. 5:10-CT-3023-BO. All filings made in the case referenced as Cassell v. Monroe, No. 5:10-CT-3094-BO have been placed into Cassell v. Monroe, No. 5:10-CT-3023-BO. Cassell is DIRECTED to include the correct case name and number, Cassell v. Monroe, 5:10-CT-3023-BO, on all future filings he wishes to make in this specific case. He is notified that 5:10-CT-3094-BO has been vacated as a separate case. When making filings Cassell MUST include the proper case number. Cassell is also ORDERED to provide the addresses of the 11 remaining named defendants [*7] above. He is WARNED that his failure to comply with this order may result in the dismissal of the case.

SO ORDERED. This the 6 day of December 2010.

/s/ Terrence W. Boyle

TERRENCE W. BOYLE

United States District Judge