IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 11-cv-570

| RASHARD MENDENHALL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S REPLY BRIEF IN** |
| | ) | **SUPPORT OF MOTION TO** |
| v. | ) | **COMPEL PRODUCTION OF** |
| | ) | **DOCUMENTS AND** |
| HANESBRANDS, INC., | ) | **RESPONSES TO** |
| a Maryland corporation, | ) | **INTERROGATORIES** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Rather than provide good faith responses to Plaintiff Rashard Mendenhall's ("Mendenhall") initial discovery requests, Defendant Hanesbrands, Inc. ("HBI") submitted boilerplate objections and failed to produce any documents that were not already attached to the Complaint. As a result, Mendenhall was forced to bring this motion to compel to obtain information that should have been readily turned over months ago. Only when faced with this motion did HBI begin to produce documents and provide amended responses to Mendenhall's requests.[1] Yet, even HBI's amended responses repeat the same boilerplate objections and fail to fully respond to Mendenhall's interrogatories. Likewise, HBI has failed to confirm that its document production is complete and, despite redacting many documents in its production, HBI has not produced a privilege log.

---

[1] HBI did not produce documents other than those attached to the Complaint until September 19, 2012, six days after the Motion to Compel was filed. It did not supplement its interrogatory responses until October 5, 2012.

1

4818-6762-5233.1

Regardless, Mendenhall should not be forced to incur the cost of bringing a motion to compel to obtain responses that should have been readily provided in the first instance. As a result, Mendenhall requests an order compelling HBI to provide complete responses to his discovery requests (as set forth below), and ordering HBI to pay the reasonable attorneys' fees and costs incurred in bringing this motion.

## ARGUMENT

### I. Mendenhall Has Complied With Local Rule 37.1(a).

HBI wrongly complains that Mendenhall's counsel has not complied with FED. R. CIV. P. 37(a)(1) and Local Rule 37.1(a). To the contrary, Mendenhall's Motion (Docket No. 26) expressly cites Local Rule 37.1 and details counsel's numerous good faith efforts to resolve the issues set forth in the Motion. Motion, Docket No. 26, ¶3. That counsel has complied with Local Rule 37.1(a) is further evident from HBI's own declaration, which attaches seven e-mail communications among counsel, not including the four-page letter from Mendenhall's counsel attached as Exhibit 5 to the Motion. Further, as stated in Mendenhall's Motion, the parties' counsel also held a telephone conference on September 10, 2012 in which the issues raised by the Motion were discussed. Motion, Docket No. 26, ¶3. Rather than burden the Court with 38 pages of the parties' e-mail correspondence, as HBI did in its declaration, Mendenhall's counsel chose to summarize the parties' meet-and-confer efforts in the Motion. Local Rule 37.1(a) does not require counsel to provide the Court with every piece of e-mail correspondence about the discovery dispute at issue.

HBI's assertion that it had "already agreed to provide the majority of the

2

4818-6762-5233.1

Case 1:11-cv-00570-JAB-LPA   Document 32   Filed 10/26/12   Page 2 of 11

information Plaintiff now seeks to compel" (Response, Docket No. 28, at 1) is particularly misleading. Instead, at the time Mendenhall filed this motion, HBI had refused to provide a date certain for the completion of its production, and, even today, HBI has still not withdrawn its meritless objections. Likewise, HBI has continued to assert that it would only produce those documents "that are not subject to any objection or privilege." Loughery Decl., Docket No. 29-1, Ex. 9 at Page 3 of 4. In short, as further detailed below, HBI's belated production of documents—six days after this motion was filed—has still not fully addressed the concerns outlined in Mendenhall's motion. With a discovery cut-off scheduled for November, Mendenhall could not afford further delay.

**II.  HBI Should Be Compelled to Produce Documents Relating to Its Treatment of Other Endorsers Subject to a Morals Clause and Documents Relating to Charlie Sheen and His Comments Regarding the September 11, 2001 Terrorist Attacks.**

After Mendenhall's Motion was filed, HBI produced a copy of its contract with Charlie Sheen. Although Mr. Sheen's contract was heavily redacted by HBI, it revealed that HBI hired Mr. Sheen as an endorser <u>after</u> he had gone public to challenge the United States government's explanation for the attacks of September 11, 2001. As early as March 24, 2006, Mr. Sheen publicly challenged the notion that "19 amateurs with box-cutters" could take over commercial planes and successfully attack 75 percent of their targets. *See* "Sheen's 9/11 Lie Claims Gossip Of The Day," Askmen.com (March 24, 2006) (attached hereto as Ex. A). According to news reports, he also questioned the fact that a plane had crashed into the Pentagon on September 11, 2001. Ex. A. Despite these comments, which garnered significant media attention, HBI had no qualms about signing

Mr. Sheen to an endorsement deal and then later extending his contract.

HBI's approval of Mr. Sheen as an endorser despite his comments about September 11, 2001, would cause a reasonable juror to question whether HBI's response to Mendenhall's far milder Twitter postings was reasonable and in good faith. In HBI's press release about Mendenhall's termination, HBI explained that Mendenhall had been terminated because his opinions "were inconsistent with the values of the Champion brand" and "with which we strongly disagreed." Ex. D to the Complaint, at Docket No. 1-4. In light of the fact that HBI hired Mr. Sheen after he made controversial statements about the events of September 11, 2001, there is a significant fact question about whether HBI's purported basis for terminating Mendenhall was genuine or pretextual. Other information obtained during discovery suggests that HBI's decision was pretextual and motivated by a desire to gain positive publicity for the Champion brand because HBI had done a poor job of marketing its relationship with Mendenhall. This evidence, coupled with HBI's contradictory treatment of Mendenhall and Sheen, is relevant evidence that HBI did not have a good faith belief that Mendenhall had become the subject of public disrepute, and the jury should be allowed to consider it. Indeed, information obtained in discovery has revealed that HBI employees recognized the similarities between the public's response to Mr. Sheen's comments and those made by Mr. Mendenhall. Therefore, requests aimed at HBI's treatment of other endorsers such as Mr. Sheen are reasonably calculated to lead to the discovery of admissible evidence.[2]

---

[2] HBI falsely claims that Plaintiff's counsel conceded that documents relating to Mr. Sheen would be relevant <u>only</u> if Mr. Sheen had a similar contractual clause to Mendenhall. Instead, Plaintiff's counsel

4

4818-6762-5233.1

HBI's attempt to distinguish the *Team Gordon* case is not persuasive. In *Team Gordon*, the court excluded evidence of how <u>other sponsors</u> had treated other endorsers. *Team Gordon, Inc. v. Fruit of the Loom, Inc.*, No. 3:06-cv-201-RJC-DCK, 2010 WL 419952 (W.D.N.C. Jan. 29, 2010). In contrast, Mendenhall seeks discovery of how <u>HBI</u> treated other endorsers subject to a morals clause in order to determine the factors HBI considers in terminating such endorsers. If HBI departed from its own policies and practices in terminating Mendenhall, this evidence would be relevant to the unreasonableness of its termination decision.

### III. HBI Should be Compelled to Provide a Sworn Confirmation That It Has Completed Production of All Non-Privileged, Responsive Documents and to Produce a Privilege Log for Any Responsive Documents Withheld.

In *Kinetic Concepts, Inc. v. Convatec Inc.*, the court held that a producing party's statement that it will produce documents "subject to" its objections "confuses more than it clarifies" because the receiving party is left to wonder what documents have been withheld. 268 F.R.D. 226, 248 (M.D.N.C. 2010). This is precisely the approach HBI took in this case. Indeed, throughout the parties' correspondence, including an e-mail sent one day before this motion was filed, HBI stated that it would be producing only those documents "that are not subject to any objection or privilege." Loughery Decl., Docket No. 29-1, Ex. 9.

In its Response, HBI now takes the position that it "has not withheld (and does not intend to withhold) any responsive, non-privileged information, other than documents

---

merely stated that this would be one potential way in which HBI's treatment of Mr. Sheen could be relevant.

5

4818-6762-5233.1

relating to other endorsers . . . ." Response, Docket No. 28, at 15.  In light of HBI's belated concession, Mendenhall requests that HBI provide a sworn confirmation that all non-privileged, responsive documents have been produced.

Despite Mendenhall's proposal for an exchange of privilege logs on October 19, 2012, HBI has not produced a privilege log or identified a date when such a log will be produced.  Therefore, Mendenhall requests an order compelling HBI to produce a privilege log for any responsive documents that have been withheld.[3]

**IV.   HBI Should Be Compelled to Identify the Facts Relied Upon in Terminating Mendenhall.**

Although HBI supplemented its response to Interrogatory No. 2 after this motion was filed, HBI maintained its objection that the term "relied upon" is vague and ambiguous, and stated that the facts it relied upon "included (but may not have been limited to)" Mendenhall's Tweets, explanatory blog post, and unidentified "public reaction" to Mendenhall's Tweets and blog posts.  HBI's vague, incomplete answer does not fully respond to the interrogatory.  If HBI's position is that it cannot provide a more complete response to this interrogatory, then HBI should be barred from later asserting that it relied on other information not identified in response to this interrogatory in making its termination decision.

**V.   HBI Should Be Compelled to Summarize the Facts Supporting Its Affirmative Defenses in Response to Interrogatory Nos. 3-7.**

After this motion was filed, HBI supplemented its response to Interrogatory Nos.

---

[3] HBI complains that Mendenhall did not produce his own privilege log.  Response, at 15.  While Mendenhall's compliance with discovery is not at issue in this motion, Mendenhall offered to provide a privilege log for documents over which a privilege has been asserted, if any, by October 19, 2012. HBI failed to respond to Mendenhall's proposal.

6

4818-6762-5233.1

3-7 to identify over seven hundred pages of its production that purportedly support HBI's affirmative defenses 3-7. Other than identify a mass of documents, HBI has not explained their affirmative defenses that (1) Mendenhall breached his contractual obligations (Interrogatory Nos. 3-5); (2) Mendenhall breached the covenant of good faith and fair dealing (Interrogatory No. 6); or (3) Mendenhall's claims are barred by the doctrine of estoppel, waiver, and/or unclean hands (Interrogatory No. 7). Notably, the same documents are identified as supporting each of these very different affirmative defenses. At a minimum, to provide Mendenhall notice of the grounds for HBI's defenses, HBI should be compelled to produce a summary of the factual bases for these defenses. Listing a mass of documents in response to these interrogatories does not provide Mendenhall fair notice of HBI's claims.

## VI. HBI Should Be Compelled to Answer the Question Posed in Interrogatory No. 8.

In light of HBI's press release stating that Mendenhall's Tweets were "inconsistent with the values of the Champion Brand," Interrogatory No. 8 asked HBI to identify the persons involved in determining the values of the Champion brand and the documents reflecting those values. Rather than answer the question posed, HBI identified "the persons who participated in the brand management of the Champion brand during the period between May 2, 2011 and May 5, 2011." This was not the question posed by the interrogatory. If there are no HBI employees who determined the "values of the Champion brand," then HBI should say so. If there are employees who determined the values of the Champion brand, then they should be identified. Because HBI has

7

4818-6762-5233.1

Case 1:11-cv-00570-JAB-LPA   Document 32   Filed 10/26/12   Page 7 of 11

refused to answer the question posed by the interrogatory, HBI should be compelled to provide a complete response.[4]

### VII. HBI Should Be Required to Pay the Attorneys' Fees and Costs Incurred in Bringing This Motion.

Under Rule 37(a)(5)(A), the Court may award reasonable expenses and attorneys' fees incurred by the party bringing the motion if the motion is granted "or if the disclosure or requested discovery is provided after the motion was filed." Here, HBI failed to make a good faith effort to respond to Mendenhall's discovery requests until after Mendenhall's motion was filed. This is evident from numerous boilerplate and meritless objections interposed in response to Mendenhall's document requests and interrogatories. HBI's failure to respond in good faith is evidenced by: (1) its vagueness objections to terms like "involved in" or "relied upon;" (2) its failure to produce any documents (except those attached to the Complaint) for over three months; (3) its boilerplate objections to interrogatories that ask for the factual basis for HBI's affirmative defenses; (4) its refusal to respond to the question posed by Interrogatory No. 8; and (5) its refusal to state whether all non-privileged, responsive documents would be produced.

Mendenhall should not have been forced to file a motion to compel in order to obtain HBI's document production and (still incomplete) responses to interrogatories. Because HBI did not make a good faith effort to respond to Mendenhall's requests and produce relevant documents until after this motion was filed, an award of attorneys' fees and costs is warranted. Absent an award of fees and costs, Mendenhall will be forced to

---

[4] After this Motion was filed, HBI identified the documents responsive to this interrogatory.

bear the costs of HBI's non-compliance.

HBI's opposition to an award of attorneys' fees and costs is unfounded. For example, HBI's assertion that Mendenhall's production "has been severely deficient" (Response, Docket 28, at 18) is not true. Mendenhall has confirmed that his production is complete and has not interposed the boilerplate, meritless objections asserted by HBI. If HBI truly believed Mendenhall had not complied with its discovery requests, HBI could have brought its own motion. Additionally, HBI's assertion that Mendenhall filed this motion "hastily" is contradicted by HBI's own declaration, which shows that Mendenhall's counsel worked with HBI's counsel in good faith from August 23, 2012 through September 13, 2012 in an effort to resolve these discovery issues.

**VIII. The Parties Have Agreed on an Extension to the Discovery Deadline.**

After this Motion was filed, the parties agreed that fact discovery should be extended to January 25, 2012 and that the March 6, 2013 expert discovery deadline should be extended to March 15, 2013, which will not impact the dispositive motion deadline or trial date. As such, Mendenhall requests an order amending the discovery schedule in accordance with the parties' agreement.

## **CONCLUSION**

For these reasons, and all reasons appearing of record, Mendenhall requests that the Court enter an order compelling HBI to do the following:

(1) Produce all non-privileged, responsive documents requested in Mendenhall's document request nos. 30-36, and 41;

(2) Provide a sworn confirmation that all non-privileged, responsive documents have been produced in response to request nos. 1-11, 13-29, 38-40, and 42;

9

4818-6762-5233.1

Case 1:11-cv-00570-JAB-LPA   Document 32   Filed 10/26/12   Page 9 of 11

(3) Produce a privilege log as to any documents over which HBI is claiming a privilege;

(4) Provide a complete response to Mendenhall's Interrogatories Nos. 2 and 8;

(5) Provide a summary of the bases for the affirmative defenses identified in Interrogatory Nos. 3-7; and

(5) Pay Mendenhall's reasonable attorneys' fees and costs incurred in bringing this motion.

DATED: October 26, 2012                    Respectfully submitted,

/s/ Steven J. Thompson
Steven J. Thompson
sjthompson@uhlaw.com
Richard H. Tilghman IV
rtilghman@uhlaw.com
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, IL  60602
Telephone:   312-977-4400
Facsimile:    312-977-4405

/s/ Eric M. David
David W. Sar
N.C. State Bar No. 23533
dsar@brookspierce.com
Eric M. David
N.C. State Bar No. 38118
edavid@brookspierce.com
BROOKS, PIERCE, MCLENDON,
   HUMPHREY & LEONARD, L.L.P.
230 North Elm Street, Suite 2000
Greensboro, NC  27401
Telephone:   336-373-8850
Facsimile:    336-278-1001

**CERTIFICATE OF SERVICE**

   The undersigned certifies that a copy of the foregoing was served on the following counsel of record via electronic case filing procedures on October 26, 2012.

       John F. Morrow, Jr.: jmorrow@wcsr.com
       Brendan J. O'Rourke: borourke@proskauer.com
       Victoria L. Loughery: vloughery@proskauer.com

/s/ Eric M. David
Eric M. David